IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JUVENCIO GARCIA GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-274-H-BV |
| | § | |
| FNU LNU, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Juvencio Garcia Gonzalez filed a complaint and application to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 4. The case was automatically referred for pretrial management under Special Order 3-251. Dkt. No. 2. Not all parties have consented to the magistrate judge, so the undersigned enters these findings, conclusions, and recommendation.

Gonzalez has not established that the Court has subject-matter jurisdiction in this case. He has also failed to comply with Court orders. The undersigned therefore recommends that the United States District Judge dismiss this action without prejudice. Alternatively, the undersigned recommends that the district judge dismiss this case without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

## 1. Background

On December 15, 2025, Gonzalez filed a complaint in this Court, without naming identifiable persons or entities as defendants. Dkt. No. 1 at 2. The complaint is largely

incomprehensible, listing numerous phone numbers, addresses, money amounts, and short phrases that do not give any indication of who Gonzalez wants to sue or for what. *See id.* For example, the first page lists no less than fifty phone numbers. *Id.* at 1.[1] On page four, Gonzalez responds to the "Statement of Claim" prompt by merely saying, "Yes, #numbers." *Id.* at 4 (cleaned up). Gonzalez also attaches additional pages to the standard complaint form, which reference animal control, the FBI, and bank accounts. *Id.* at 6–14. In short, the complaint is gibberish.

Because the complaint does not comply with Rule 8 and does not establish the Court's subject-matter jurisdiction, the Court directed Gonzalez to file an amended complaint. Dkt. No. 5 at 1–4. The Court also ordered him to file an amended IFP application since he failed to sign the original application and did not include enough information for the Court to evaluate his financial condition. *Id.* at 4–5. Finally, the Court directed Gonzalez to register for electronic filing under Local Civil Rule 5.1(f) or to seek leave from that requirement. *Id.* The Court cautioned Gonzalez that his failure to comply could result in dismissal of this action under Rule 41(b). *Id.* at 5.

Despite this warning, Gonzalez failed to comply with the Court's deficiency notice. He submitted an amended IFP application, but it does not include the financial information requested by the Court. Dkt. No. 6; *see* Dkt. No. 5 at 4 (explaining that because Gonzalez reported he does not have any living expenses, he must state who pays the expenses or describe why he does not pay living expenses). Gonzalez also filed a

[1] Page citations to Gonzalez's filings refer to the electronic page number assigned by the Court's electronic filing system.

document discussing children, but the Court does not construe it as an amended complaint because it: (1) is not titled as such, (2) does not address the jurisdictional deficiencies identified, and (3) is largely incomprehensible. Dkt. No. 7. Moreover, Gonzalez has not registered as an electronic filer. In sum, Gonzalez has not cured the deficiencies identified in, or otherwise complied with, the Court's order. *See* Dkt. No. 5.

**2. Gonzalez has not established that the Court has subject-matter jurisdiction over his claims.**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). They have a duty to examine their own subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[A]bsent jurisdiction conferred by statute, [federal courts] lack the power to adjudicate claims." *Stockman v. Fed. Elec. Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

In general, federal courts may only consider a case if it involves a question of federal law or when diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Where "the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted).

Gonzalez has not met his burden of establishing the Court's jurisdiction. Gonzalez makes no reference to a federal law in his complaint. Dkt. No. 1 at 3 (listing "United FCC" in the blank asking for the specific federal provision at issue in the case and mentioning an unspecified trademark in connection with an unnamed defendant, but failing to provide basis for claim). Nor does Gonzalez include any well-pleaded facts establishing that he is suing under a federal law. Thus, Gonzalez has not shown the Court possesses federal-question jurisdiction. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (explaining that federal-question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law'" (citation omitted)); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (requiring parties to "make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings" (citation omitted)).

Gonzalez also fails to plead any facts supporting diversity jurisdiction. He does not allege the citizenship of the parties, nor does he state the relief he seeks. Dkt. No. 1. His failure to "distinctly and affirmatively allege" the grounds for diversity jurisdiction leaves the Court without jurisdiction under § 1332. *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citation omitted).

In sum, even affording Gonzalez's complaint a liberal construction, he has not demonstrated that the Court has subject-matter jurisdiction. The undersigned therefore recommends the district judge dismiss the complaint without prejudice for lack of subject-matter jurisdiction.

**3. Gonzalez's non-compliance with Court orders also necessitates dismissal.**

Alternatively, Gonzalez's complaint is subject to dismissal without prejudice because he has not complied with Court orders. A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Gonzalez did not file an amended complaint, nor did he provide the requested financial information. *See* Dkt. No. 5. Moreover, the Court directed Gonzalez to register as an electronic filer as required by Local Civil Rule 5.1(f), but he has not done so. Gonzalez's failure to comply with this Court's orders necessitates dismissal under Rule 41(b). *See, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (treating failure to comply with local rule as a failure to prosecute under Rule 41(b)); *Minorchio v. Bank of Am.*, No. A-10-CA-406 LY, 2010 WL 11652405, at *1–2 (W.D. Tex. Aug. 27, 2010) (recommending dismissal of pro se complaint under Rule 41 where plaintiff "ignored a court order requiring him to file an [a]mended [c]omplaint remedying the deficiencies of his [o]riginal [c]omplaint" and therefore failed to "make a short and plain statement of his claim showing that he is entitled to relief"), *R. & R. adopted by* 2010 WL 11652404 (W.D. Tex. Sep. 24, 2010).

**4. Recommendation**

Because the Court lacks subject-matter jurisdiction, the undersigned **RECOMMENDS** that the United States District Judge (1) deny-as-moot Gonzalez's IFP applications (Dkt. Nos. 4, 6), and (2) dismiss his complaint without prejudice. Alternatively, the undersigned recommends that the district judge dismiss the case for failure to prosecute under Rule 41(b).

**5. Right To Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 31, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**